Jeffry Scott MERRITT,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. C3-87-1795.

Supreme Court of Minnesota.

June 10, 1988.

Hubert H. Humphrey, III, Atty. Gen., Kenneth H. Bayliss, III, St. Paul, for appellant.

Michael J. Tello, Anoka, for respondent.

AMDAHL, Chief Justice.

The issue on this appeal is whether the district court erred in rescinding the Commissioner of Public Safety's revocation of the driver's license of Jeffry Scott Merritt, who failed a breath test administered pursuant to the implied consent law. The district court based the rescission on the commissioner's failure to comply with the driver's request for pretrial production of documents. The court of appeals affirmed the rescission in an unpublished decision. We reverse and remand to the district court for an implied consent hearing pursuant to Minn.Stat. § 169.123, subd. 6 (1986).

In the petition for judicial review of the revocation of his license the driver must "state with specificity the grounds upon which [he] seeks rescission of the order of revocation * * *." Minn.Stat. § 169.123, subd. 5c (1986). In this case the driver, Merritt, used a boilerplate petition that contained ten paragraphs, the first eight alleging specific grounds for rescission and the ninth stating:

The Petitioner herein reserves the right to raise such further issues as may be raised upon reasonable opportunity to review and examine: the police reports, the chemical testing records, the licens-

ing records, the Bureau of Criminal Apprehension records, hospital records, intoxilzer [sic] log and any other records relevant to this case. Furthermore, such records as herein are described are requested to be provided forthwith.

At the hearing Merritt's attorney objected on foundational grounds to the admission of the test results, saying that he had requested the Intoxilyzer log, that it had not been provided, and that he could not challenge the test results without the log. The prosecutor argued that the officer's testimony provided sufficient foundation for the admission of the test results but that if Merritt's attorney wanted the log so he could challenge the test results, she would ask for a recess or a continuance and would provide the log. The trial court then said, without Merritt's attorney so moving, "Let's not proceed longer with this" and "The commissioner's order is rescinded." The court of appeals affirmed, stating that the trial court did not abuse its discretion in rescinding the revocation without further proceedings.

Minn.Stat. § 169.123, subd. 5c (1986) states that judicial review of the commissioner's revocation of the driver's license under the implied consent law "shall be conducted according to the rules of civil procedure." Presumably, this means that if the driver makes a request for production of certain documents and the commissioner does not comply, the driver may move to compel discovery before the hearing pursuant to Minn.R.Civ.P. 37.01. Merritt did not do this. However, he argues that—given the requirement that the hearing "shall be held at the earliest practicable date, and in any event no later than 60 days following the filing of the petition for review," section 169.123, subd. 6—it is unreasonable to apply the normal discovery rules in this context. In support of this argument, he cites Minn.R.Civ.P. 34.02, which gives a party 30 days to respond to a request for the production of documents. He argues that if the commissioner does not respond and a motion to compel discovery is required, the hearing on the motion might not be held within the 60-day time limit for the implied consent hearing.

There are several things wrong with this argument. First, there is nothing in the record to suggest that the commissioner has made it a practice of being uncooperative with drivers when they make such discovery requests or that the commissioner's attorney intentionally refused to produce the requested documents in this case. Absent some showing to the contrary, we assume that a telephone call by Merritt's attorney to the attorney representing the commissioner would have resulted in the prompt delivery of the requested materials. There is nothing to suggest that Merritt's attorney made such a request or took any other steps to compel discovery. Further, in response to Merritt's argument that the normal discovery process is too slow to be used in this context, we note that R. 34.02, dealing with the production of documents, expressly provides that the court may allow a shorter time for the party upon whom a request is served to respond.

The effect of the district court's decision is, first, to encourage defense attorneys to file boilerplate petitions for judicial review of license revocations and, second, to provide a gratuitous, unwarranted benefit to the driver when the commissioner, through mere oversight and not through any intent to violate the discovery process, has failed to produce requested documents. Believing that the district court erred in ruling as it did, rather than in ordering a brief recess or continuance so that the commissioner's attorney could provide the document in question, we reverse the decision of the court of appeals and the decision of the district court and remand to the district court for an implied consent hearing under section 169.123, subd. 6.

Reversed and remanded for hearing.